**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| v. | § | **CR. No. C-10-314-2** |
| | § | **(C.A. No. C-11-75)** |
| **EFRAIN HERNANDEZ-HERNANDEZ,** | § | |
| **Defendant/Movant.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING CONSTRUED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)**

On March 17, 2011, the Clerk received Movant Efrain Hernandez-Hernandez' (Hernandez) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, along with his Memorandum Brief in Support. D.E. 44, 45. The government filed its Response and Hernandez filed a Reply. D.E. 51, 52. The government also filed a motion for leave to file a late response (D.E. 50), which the Court GRANTS.

Hernandez waived the right to file his motion to vacate, but even if the claims were not waived, this Court finds them to be without merit. As set out more specifically herein, Hernandez' § 2255 motion (D.E. 44) is DENIED, and he is DENIED a Certificate of Appealability. Hernandez' motion also raises a claim to sentence reduction because of a change in the sentencing guidelines. The Court construes that portion of Hernandez' § 2255 motion as a motion pursuant to 18 U.S.C. § 3582(c)(2) and DENIES relief.

1

# I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND AND PROCEEDINGS

### A. Summary of Offense

Hernandez was arrested in February 2010 at the Falfurrias, Texas Border Checkpoint. He was a passenger in a tractor-trailer driven by his co-defendant Edgar Vega. D.E. 1. At the checkpoint, after the drug dog alerted to the vehicle, Vega consented to a search of the vehicle. Agents found 94 kilograms of marijuana hidden in a compartment near the back of the sleeper portion of the truck. Both men were arrested. Id. After being advised of their Miranda rights, both Vega and Hernandez admitted they knew the marijuana was in the truck. Id. Hernandez originally gave his name as Rene Santillana, but was later identified by his true name, Efrain Hernandez-Hernandez. Hernandez is a citizen of Mexico. He had false documents reflecting that he was a United States citizen. Id.

### B. Criminal Proceedings

On the day of his arrest, Hernandez was brought before a federal Magistrate Judge, informed of the charges against him, and appointed counsel. D.E. 2, 5. He was detained pending trial. D.E. 8. A two count indictment was issued in March 2010 against both men. Count One charged them with conspiracy to possess with intent to distribute more than 50 kilograms of marijuana, approximately 87.3 kilograms, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). Count Two charged possession with intent to distribute the same quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). After indictment, retained counsel substituted for appointed counsel. D.E. 22. Hernandez was arraigned on April 2, 2010. Minute Entry, April 2, 2010. Three

weeks later, Hernandez entered into a plea agreement with the government and was rearraigned. D.E. 24; Minute Entry May 24, 2010.

At rearraignment, the Court confirmed that Hernandez was a citizen of Mexico, but had lived in the United States for a while and attended part of high school in the United States. Hernandez testified that he had been given a copy of the indictment and he read it and understood it. D.E. 56 at 11-12. He expressed satisfaction with his counsel. Id. Hernandez testified that he read the plea agreement before he signed it, understood it, and signed it voluntarily. Id. at 14-15. Hernandez denied that anyone had made any offers to him, other than as set out in the plea agreement. Id. at 16.

The Court advised Hernandez of the applicable punishment range for his offense, and Hernandez testified that he understood. Id. at 15–17. The Court then explained the sentencing procedure. Id. at 19-20. The Court further explained that "[t]here are only limited circumstances under which you or the government can appeal the sentence that I give you." Id. at 20. Hernandez testified he understood. Id. The government's attorney recited a statement of the facts related to the case and Hernandez' involvement, and Hernandez agreed that the factual statement was correct. Id. at 30-31. Hernandez then pled guilty. Id. at 31.

The Court ordered a Presentence Investigation Report (PSR). D.E. 25. The PSR calculated Hernandez' base offense level to be 24, based upon 87.3 kilograms of marijuana. D.E. 33 at ¶ 12. Three points were subtracted for acceptance of responsibility for a total offense level of 21. Id. at ¶¶ 18, 21. Hernandez had a prior unscored marijuana possession conviction from 1997 in Texas state court for which he was sentenced to 10 years, suspended for 7 years community supervision. Hernandez was deported 2 months after his 1998 sentencing. Id. at ¶ 23. He had two misdemeanor traffic offenses as well. Hernandez' criminal history points totaled 2 for a criminal history Category II. His Guideline sentencing range was 41-51 months. No objections were filed to the PSR.

Sentencing was held in August 2010. Defense counsel suggested sentencing Hernandez below the applicable guideline range. The government argued that a low end sentence was more appropriate given Hernandez' prior drug conviction and his unscored criminal conduct. The Court sentenced Hernandez to 41 months imprisonment, 3 years supervised release, no fine, and a special assessment of $100. D.E. 37. Judgment was entered on August 26, 2010. Id. At the conclusion of sentencing, the Court initially advised Hernandez he had the right to appeal. D.E. 48 at 6. The government reminded the Court of the appeal waiver and the Court asked Hernandez, "Do you recall that you had waived certain rights to appeal as part of your plea agreement?" Hernandez responded, "Yes, Judge." Id. Hernandez did not appeal his sentence, but filed this timely motion pursuant to 28 U.S.C. § 2255 on March 17, 2011. D.E. 44.

### III. MOVANT'S ALLEGATIONS

Hernandez raises two issues. Hernandez first claims that counsel was ineffective at sentencing because he failed to request a downward departure on the basis that the seriousness of Hernandez' criminal history was overstated by the guideline calculation. D.E. 45 at p. 6. The second issue is whether his sentence should be reduced pursuant to the amendment to § 2L1.2 of the sentencing guidelines. D.E. 44 at p. 5.

The government urges dismissal of this proceeding on the ground that Hernandez waived his right to file a motion to vacate as part of his plea agreement. D.E. 51 at 5. At the time of the government's response, it had not requested the transcript of rearraignment. The response therefore does not cite to that transcript.

### IV. ANALYSIS

**A.    28 U.S.C. § 2255**

4

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

**B.      Validity of Waiver of Right to File Post-Conviction Motion to Vacate**

Hernandez' plea agreement set out his waiver of his right to appeal and his waiver of his right to file a motion to vacate,

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; of (b) an upwards departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

5

D.E. 24 at ¶ 7 (emphasis in original). Both Hernandez and counsel signed the plea agreement. Id. at p. 5.

Hernandez does not address the waiver provision in his original filing, his Memorandum in Support or in his Reply, nor does Hernandez claim that his plea was involuntary or unknowing. During rearraignment, the Court inquired of Hernandez whether he had read the plea agreement and understood it.[1] The Court mentioned the limited right to appeal, but did not specifically address the waiver of § 2255 rights with Hernandez. At sentencing, Hernandez was reminded of his appeal waiver which he agreed applied.[2]

A waiver of the right to file an appeal or to file a post-conviction motion is enforceable. United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002). Hernandez' claims of ineffective

---

[1] During rearraignment,

    20 THE COURT: Mr. Hernandez-Hernandez, did you
    21 sign your agreement voluntarily?
    22 DEFENDANT HERNANDEZ-HERNANDEZ: Yes, sir.
    23 THE COURT: Did you read it first?
    24 DEFENDANT HERNANDEZ-HERNANDEZ: Yes, sir.
    25 THE COURT: Feel like you understand it?
    1 DEFENDANT HERNANDEZ-HERNANDEZ: Yes, sir.

D.E. 56 at 14-15. Later during the plea colloquy, the Court advised Hernandez that "There are only limited circumstances under which you or the Government can appeal the sentence that I give you." Id. at 20. Hernandez stated that he understood. Id.

[2] During sentencing,

    20 THE COURT: Very well. Do you recall that you had
    21 waived certain rights to appeal as part of your plea agreement?
    22 THE DEFENDANT: Yes, Judge.
    23 THE COURT: All right. The reason being is some have
    24 waivers and some do not. And if you don't have a waiver, I
    25 must admonish you -- or advise you, rather, that you have a
    1 right to appeal. You waived certain rights that would be
    2 certainly applicable to this case.
    3 Very well. Nothing further? Good luck to you.
    4 THE DEFENDANT: Thank you.

D.E. 48 at 607.

assistance do not automatically relieve him of his waivers. See White, 307 F.3d at 343-44 (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").

In White, the Court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently." Id. at 343 (internal citations omitted). Here, Hernandez does not claim that his plea was involuntary, nor does he claim that counsel's ineffectiveness affected his understanding of the plea agreement or his decision to plead guilty. Thus, the issue before this Court is whether the Court's failure to specifically mention the waiver of Hernandez' right to file a post-conviction motion relieves Hernandez of his waiver.[3]

There was a time when any failure by the district court to strictly comply with the requirements of Federal Rule of Criminal Procedure 11 resulted in reversal of a sentence. McCarthy v. United States, 394 U.S. 459, 471-72 (1969). That is no longer the case. In 1983, Rule 11 was amended to add subpart (h) which states that "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Civ. P. 11(h). See United States v. Johnson, 1 F.3d 296 301 (5th Cir. 1993) (en banc).

A number of Fifth Circuit cases decided after Johnson find that a district court's failure to completely admonish a defendant results in only harmless error. In United States v. Narvaez, the Court held that the district court's failure to ask Narvaez about his waiver of appeal did not constitute

---

[3] Rule 11(b)(1)(N) requires the district court to "inform the defendant of, and determine that the defendant understands the following: the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence." Id. Any variance from Rule 11 is subject to harmless error analysis. Fed. R. Crim. P. 11(h).

plain error[4] where the waiver was spelled out in the signed plea agreement, the district court questioned Narvaez to probe his understanding of the plea agreement, and there was no objection to the Rule 11 colloquy at the time. 2011 W.L. 6004017 at *2-3 (5th Cir., Nov. 28, 2011) (per curiam) (designated unpublished); see also Johnson,1 F.3d at 302 (finding error during plea colloquy to be harmless); United States v. Walkes, 410 Fed. Appx. 800, 806 (5th Cir., Feb. 08, 2011)(per curiam)(designated unpublished) (district court's failure to admonish defendant of his right to remain silent not reversible error); United States v. Azarte-Davalos, 328 Fed. Appx. 921 at *1 (5th Cir., May 1, 2009 (per curiam) (designated unpublished) (district court's failure to comply with Rule 11 did not render plea involuntary or unknowing); but see United States v. Dolic, 439 Fed. Appx. 425, 428 (5th Cir., Aug. 31, 2011) (per curiam) (designated unpublished)(plea colloquy by district court deficient in multiple respects resulting in reversal of conviction and sentence).

The plea colloquy in general demonstrates that Hernandez understood his rights. In light of Hernandez' failure to allege that the plea was involuntary, that he did not understand the waiver, or that he would not have pled guilty if he had known about the waivers, the Court finds the waiver of Hernandez' right to file a motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255 to be enforceable.

### C. Claimed Ineffective Assistance of Counsel at Sentencing

1. *Standard to be applied*

---

[4] On direct appeal, a challenge to the district court's Rule 11 plea colloquy, if unobjected to at the time will be reviewed for plain error, rather than for harmless error. United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Oliver, 630 F.3d 397, 411 (5th Cir. 2011).

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

2. *Counsel's claimed failure to urge downward departure based upon criminal history*

The PSR calculated Hernandez' criminal history points to be 2 which resulted in a criminal history Category II. Hernandez claims that counsel should have argued that the seriousness of his criminal history was over represented by the Guidelines and that counsel was ineffective for failing to make that argument. The record at sentencing reveals that counsel made an argument for

9

sentencing below the guideline range based on drug quantity. D.E. 48 at 3-4.[5] The government urged a guideline sentence on the grounds that Hernandez had failed to conform his conduct to the laws of the United States even though he had received sentencing breaks in the past. Id. at 4. The Court sentenced Hernandez to the lowest end of the applicable guideline range.

This Court's review of counsel's arguments to the Court must be deferential. Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). The unscored 1997 drug conviction involved a substantial quantity of drugs, conduct similar to the charged offense. Counsel may well have made a strategic decision not to call attention to that conviction. Given the government's response to the argument that counsel made on drug quantity, Hernandez cannot show that it is more likely than not that his sentence would have been less if counsel had made the argument as Hernandez claims. Accordingly, Hernandez was not prejudiced by counsel's decision. Even if Hernandez had not waived his right to file the motion, this ground has no merit.

### D.   Claim for Downward departure Due to Cultural Assimilation–Change in Guidelines

---

[5]   Counsel's argument is reproduced below,

```
4 MR. JIMENEZ: Your Honor, I know the guideline range
5 is 41 to 51 months. I would ask the Court to consider a
6 sentence under the guideline range. And my reason for that,
7 Judge, is that the Court will notice the drug quantity in this
8 case is 87 kilograms. The cutoff point between a level 24 and
9 a level 22 is 80 kilograms. I understand from probation that
10 the amount -- the weight is calculated, it's by samples and
11 some mathematical formula, but it's very close to -- this very
12 well could have been a level 22 case, Judge.
13 And Mr. Hernandez at the checkpoint when he was
14 arrested, he was cooperative. He admitted his guilt. He
15 confessed to everything there at the scene. Basically he's
16 just been very forthcoming. He's right at the edge, Judge. I
17 would ask the Court to consider maybe 35 months.
```

Id.

Hernandez claims he is entitled to a sentence reduction based upon a post-sentencing change to the sentencing guidelines. Such a claim is not cognizable in a §2255 proceeding. See 28 U.S.C. § 2255(a) (listing grounds). The Court construes the motion to be one pursuant to 18 U.S.C. § 3582(c)(2).

Hernandez claims that § 2L1.2 (cultural assimilation) of the November 2010 amendments to the Sentencing Guidelines applies to reduce his sentence. Section 3582(c)(2) allows a district court to shorten a term of imprisonment when it is based upon a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States. v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. Id. Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Hernandez seeks to apply must, therefore, be listed in that section. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831.

Amendment 740 permits, but does not require, the district court to consider a number of factors in deciding whether to downwardly depart from a properly calculated Guideline sentence. Amendment 740 does not reduce the applicable Guideline range. Moreover, Amendment 740, is not listed in § 1B1.10(c) and is therefore, not retroactive.

When the policy statement does not make a change to the Guidelines retroactive, this Court is not authorized to reduce a sentence. U.S.S.G. § 1B1.10(a); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement.").

11

Accordingly, the Court concludes that Hernandez is not entitled to a reduction of sentence. Hernandez' construed motion to reduce his sentence is DENIED.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Hernandez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists would debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason could find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added). Based on the above standards, the Court concludes that Hernandez is not entitled to a COA on any of his claims.

That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Hernandez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E.66-1) is DENIED, he is DENIED a Certificate of Appealability, and his construed motion to reduce sentence (D.E. 66-1) is also DENIED.

It is so **ORDERED.**

**SIGNED** on this 13th day of February, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE